UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MARC DALE ROYER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-CV-965 JD |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Marc Dale Royer appeals the denial of his claim for disability insurance benefits. For the following reasons, the Court remands this matter to the Commissioner for further proceedings consistent with this opinion.

## BACKGROUND

Dr. Royer filed his initial application for benefits on October 21, 2014, alleging disability beginning October 30, 2013. Dr. Royer's application was denied initially, on reconsideration, and following an administrative hearing in January 2017 at which he was represented by counsel. At that hearing, the ALJ heard testimony from Dr. Royer, his wife, and vocational expert Charles McBee. The ALJ found that Dr. Royer had the severe impairment of asthma but that he was not disabled since October 30, 2013. *See* 20 C.F.R. § 404.1520. The Appeals Council denied review of the ALJ's decision, making it the final determination of the Commissioner.

# STANDARD OF REVIEW

Because the Appeals Council denied review, the Court evaluates the ALJ's decision as the final word of the Commissioner of Social Security. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). The Court will affirm the Commissioner's denial of disability benefits if it is supported by substantial evidence. *Craft v. Astrue,* 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). It must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue,* 478 F.3d 836, 841 (7th Cir. 2007). Thus, even if "reasonable minds could differ" about the disability status of the claimant, the Court will affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008).

In this substantial-evidence determination, the Court does not reweigh evidence, resolve conflicts, decide questions of credibility or substitute the Court's own judgment for that of the Commissioner. *Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003). The Court does, however, critically review the record to ensure that the ALJ's decision is supported by the evidence and contains an adequate discussion of the issues. *Id.* The ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection; he may not ignore an entire line of evidence that is contrary to his findings. *Zurawski v. Halter,* 245 F.3d 881, 887 (7th Cir. 2001). The ALJ must also "articulate at some minimal level his analysis of the evidence" to permit informed review. *Id.* Ultimately, while the ALJ is not required to address every piece of evidence or testimony presented, he must provide a "logical bridge" between the evidence and his conclusions. *Terry v. Astrue,* 580 F.3d 471, 475 (7th Cir. 2009).

**DISCUSSION**

Disability benefits are available only to individuals who are disabled under the terms of the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations contain a five-step test to ascertain whether the claimant has established a disability. 20 C.F.R. § 404.1520(a)(4). These steps require the Court to sequentially determine:

1. Whether the claimant is currently engaged in substantial gainful activity;

2. Whether the claimant has a medically severe impairment;

3. Whether the claimant's impairment meets or equals one listed in the regulations;

4. Whether the claimant can still perform relevant past work; and

5. Whether the claimant can perform other work in the community.

20 C.F.R. § 404.1520(a)(4); *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). At step three, if the ALJ determines that the claimant's impairment or combination of impairments meets or equals an impairment listed in the regulations, the Commissioner acknowledges disability. 20 C.F.R. § 404.1520(a)(4)(iii). However, if a listing is not met or equaled, the ALJ must assess the claimant's residual functional capacity ("RFC") between steps three and four. The RFC is then used to determine whether the claimant can perform past work under step four and whether the claimant can perform other work in society at step five. 20 C.F.R. § 404.1520(e). The claimant has the burden of proof in steps one through four, while the burden shifts to the Commissioner at

step five to show that there are a significant number of jobs in the national economy that the claimant is capable of performing. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

Dr. Royer now challenges the ALJ's opinion on two main grounds. First, Dr. Royer argues that the ALJ improperly discounted the opinions of two of his treating physicians. Second, Dr. Royer contends that the ALJ erred at step three by failing to consider all of his pulmonary function test results in the record and by failing to explain whether additional testing was needed to properly compare his severe asthma to the corresponding Listings in the regulations. As the Commissioner acknowledges in her opposition brief, Dr. Royer's argument here implicates and focuses on Listing 3.02 [DE 22 at 7-8], which the ALJ never discussed. The Court need only address this second argument because the ALJ indeed committed a critical error at step three by failing to assess whether Dr. Royer's asthma meets or equals the criteria of Listing 3.02. This necessitates remand.[1]

At step two, the ALJ determined that Dr. Royer suffers from a medically severe impairment: asthma. (R. 13). Proceeding to step three, the ALJ then discussed whether Dr. Royer's asthma meets or medically equals Listing 3.03 in the regulations, which pertains solely to asthma (as opposed to other pulmonary conditions). *See* 20 C.F.R. Part 404, Subpt. P, App. 1 (Listing 3.03) (effective Jan. 17, 2017 to Mar. 26, 2017).[2] To meet Listing 3.03, a claimant must score at or below the enumerated forced expiratory volume ("FEV1") level corresponding to his height and must have experienced exacerbations or complications requiring three hospitalizations within a 12-month period and at least 30 days apart, each of which lasting at least 48 hours. *Id.*

---

[1] Of course, Dr. Royer is free to pursue his remaining substantive argument on remand, that the ALJ improperly discounted the opinions of two of his treating physicians, Drs. Patel and Baghat.

[2] The ALJ issued his opinion on March 21, 2017. (R. 31). Hence, all citations to the regulations herein will be to those applicable at the time of the ALJ's decision.

4

As part of his analysis, the ALJ discounted several of Dr. Royer's FEV1 scores that fell below Listing 3.03's benchmark and determined that Dr. Royer's remaining FEV1 results did not meet the Listing. (R. 17-19). The ALJ further noted that, regardless of his FEV1 scores, Dr. Royer's asthma had not resulted in the amount or duration of hospital stays that Listing 3.03 also requires. (R. 19-20). The ALJ's step three discussion, however, made no mention of Listing 3.02, which more broadly covers chronic respiratory disorders due to any cause, including asthma.

True, an ALJ need not explicitly refer to a relevant Listing where it is clear on review that the ALJ discussed the relevant evidence in determining that no applicable Listing was met. *See Rice v. Barnhart*, 384 F.3d 363, 369-70 (7th Cir. 2004) ("we can safely conclude the ALJ considered and applied the appropriate Listing" where only *one* Listing was applicable to the claimant and the ALJ discussed the record evidence which showed that the Listing criteria was not met). But here, asthma can meet either one or multiple Listings:

> We evaluate respiratory disorders that result in obstruction (difficulty moving air out of the lungs) or restriction (difficulty moving air into the lungs), or that interfere with diffusion (gas exchange) across cell membranes in the lungs. Examples of such disorders and the listings we use to evaluate them include … asthma (3.02 or 3.03)[.]

20 C.F.R. Part 404, Subpt. P, App. 1 (Listing 3.00).

An impairment meets the severity of Listing 3.02 when there is proof of a chronic respiratory disorder due to any cause, including asthma, with correspondingly low levels of *any* of the following metrics: FEV1; forced vital capacity ("FVC"); single breath diffusing capacity of the lungs for carbon monoxide ("DLCO"); arterial blood gas ("ABG"); or pulse oximetry. *See* 20 C.F.R. Part 404, Subpt. P, App. 1 (Listing 3.02). Alternatively, a claimant may satisfy Listing 3.02 if he experiences exacerbations and complications requiring the same level of care as required for Listing 3.03, discussed above. *Id.*

As the Commissioner correctly notes, the claimant bears the burden of production at step three. [DE 22 at 2, 7] (citing *Bowen v. Yuckert*, 482 U.S. 137 (1987)). But here, Dr. Royer has met this burden by producing dozens of pulmonary function test results applicable to Listing 3.02. For example, the record is replete with FVC observations and additionally contains at least some indication that Dr. Royer's DLCO and ABG levels had been tested in January and April 2011. (R. 620, 959, 1291, 1421, 1472, 1608). Listing 3.02 can be met if *any* of these metrics satisfy the regulations' criteria. However, in discussing whether Dr. Royer's asthma met a Listing, the ALJ not only neglected to mention Listing 3.02 and its requirements altogether, but also failed to discuss Dr. Royer's many FVC reports and his 2011 DLCO and ABG test results, whether those tests qualified for consideration under the regulations, or whether they supported a finding that the Listing was met. As a result, the ALJ committed reversible error by failing to discuss a specific, applicable Listing and by failing to provide a sufficient analysis of the evidence relevant to that Listing. *See Ribaudo v. Barnhart,* 458 F.3d 580, 583 (7th Cir. 2006) (remanding where ALJ neither mentioned applicable listing nor evaluated whether claimant met that listing based on record evidence); *Nicevski v. Colvin*, 222 F. Supp. 3d 734 (N.D. Ind. 2016) (remanding where ALJ failed to mention asthma Listing and offered no analysis as to whether plaintiff's condition met that Listing); *Blundell v. Colvin*, Cause No. 1:15-CV-67, 2016 WL 4150887 (N.D. Ind. Aug. 5, 2016) (reversing where ALJ mentioned Listing 3.03 in the decision, but failed to mention Listing 3.02 and did not analyze evidence which could have led to a conclusion that the claimant met Listing 3.02); *McDowell v. Colvin*, No. 3:12-CV-723, 2014 WL 1094905 (N.D. Ind. Mar. 18, 2014) (same). And because of this failure, the Court cannot discern whether Listing 3.02 or the relevant test results played any part in the ALJ's step three analysis. *See Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003) ("Without even a

mention, we are left to wonder whether the [test] was even considered. Here the ALJ should have discussed not only the results of the [test], but also whether those results meet the requirement of [the] listing."); *see also A.D.B. ex rel. Burnett v. Colvin*, 2014 WL 4804266 *3 (S.D. Ind. Sept. 26, 2014) ("Because the ALJ did not name the listing and did not mention the requirements for that listing, the court cannot conclude that the ALJ analyzed the listing.").[3]

Furthermore, the applicable regulations state that the Commissioner may need to purchase DLCO and ABG testing to determine whether a claimant's disorder meets Listing 3.02, "unless we can make a fully favorable determination or decision on another basis." 20 C.F.R. Part 404, Subpt. P, App. 1 (Listing 3.00). But because he did not assess Dr. Royer's DLCO and ABG scores in the first place, the ALJ has left this Court unable to meaningful review his decision not to order additional testing in accordance with the regulations. *See Herron v. Shalala,* 19 F.3d 329, 333-34 (7th Cir. 1994) (indicating that an ALJ must explain his analysis of the evidence with enough detail and clarity to permit meaningful review); *see also Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000) ("Although a claimant has the burden to prove disability, the ALJ has a duty to develop a full and fair record.").

The Commissioner argues in response that additional DLCO or ABG studies need not have been ordered in this instance, because "[a]t the hearing, Plaintiff alleged that his condition met Listing 3.03 Asthma." [DE 22 at 8] The gist of the Commissioner's argument is that Dr.

---

[3] Whether Dr. Royer's FVC, DLCO, or ABG results ultimately render him disabled will be left for the ALJ to decide—this Court's task is simply to "determine whether the ALJ confronted this evidence, and if he did, whether he adequately explained why he rejected it." *Blundell*, 2016 WL 4150887, at *3 (citing *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004)); *see also Johnson v. Astrue*, Cause No. 2:11-CV-260, 2012 WL 4471607, at *9 (N.D. Ind. Sept. 26, 2012) ("In the end, there may be good reasons for finding the results of the claimant's pulmonary function test incredible …. But what matters at this juncture is that the ALJ did not make any such finding. This court requires an ALJ to explain why he rejected a piece of evidence; otherwise, this court cannot determine whether the ALJ properly rejected the evidence, or even considered it all.") (citing *Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2001)).

Royer only sought to pursue the applicability of Listing 3.03, and therefore Listing 3.02 was excluded from consideration. But the excerpt cited by the Commissioner does not support her theory. At the hearing, Dr. Royer's attorney simply answered a "yes or no" question posed by the ALJ regarding the applicability of Listing 3.03:

> ALJ: But what about with respect to the medical listings themselves, medical listing 3.03 with respect to asthma. Do you feel as though that has been met?
>
> Atty: Yes.

(R. 42). The Commissioner cannot fault Dr. Royer's attorney here or infer from his answer that he somehow waived the applicability of all other Listings. Indeed, earlier in this same discourse, the ALJ asked whether Dr. Royer's conditions met "*any of the medical listings*," and counsel answered in the affirmative and argued that Dr. Royer's asthma renders him disabled. *Id.* (emphasis added). That should have alerted the ALJ to address both Listings 3.02 and 3.03 because, as the regulations make clear, "[a]sthma is a chronic inflammatory disorder of the lung airways that we evaluate under 3.02 or 3.03." 20 C.F.R. Part 404, Subpt. P, App. 1 (Listing 3.00). Thus, Listing 3.02 was always in play—the ALJ just neglected to address it, not only in his opinion but apparently at the hearing as well. Overall, his failure to address this Listing requires remand. Moreover, the fact that counsel did not provide argument as to a particular, relevant Listing below does not excuse the ALJ's responsibility to consider whether that Listing is met, especially where, as here, the record contains an entire line of test results that the Listing itself employs to determine disability. *See Anderson v. Colvin*, No. 13-C-0788, 2014 WL 5430275, at *27 n.30 (E.D. Wis. Oct. 25, 2014) (holding that the fact that counsel did not argue relevant Listing to the ALJ at the hearing "did not relieve the ALJ of his duty to consider whether plaintiff's impairments met or equaled [that Listing][.]"); *Lane v. Astrue*, No. 1:10-CV-28, 2011 WL 3348095, at *9 (N.D. Ind. Aug. 3, 2011) (remanding where ALJ provided no more

than a passing reference to and perfunctory analysis of applicable Listing despite evidence of impairment's severity, even though counsel provided no evidentiary explanation regarding said Listing to the ALJ).

## CONCLUSION

For the reasons stated herein, the Court **REVERSES** the Commissioner's decision and **REMANDS** this matter to the Commissioner for further proceedings consistent with this opinion. The Clerk is directed to prepare a judgment for the Court's approval.

SO ORDERED.

ENTERED: March 25, 2019

/s/ JON E. DEGUILIO
Judge
United States District Court